# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50023 | **DATE** | 6/30/2004 |
| **CASE TITLE** | Welch vs. Wal-Mart, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Defendants' Motion to Dismiss Counts III and V is granted. Defendants' Motion to Dismiss Count IV is denied. Defendants are ordered to answer Count IV within 21 days of this Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 7-1-04 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/30/2004 | |
| | | | date mailed notice | |
| sp | courtroom deputy's initials | | sp | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KATHRYN WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 C 50023 |
| | ) | |
| WAL-MART STORES, INC., | ) | P. Michael Mahoney |
| a Delaware corporation, and CLAIMS | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Kathryn Welch ("Plaintiff"), a citizen of Minnesota, sued both Wal-Mart Stores, Inc. ("Wal-Mart"), a Delaware corporation with its principal place of business in Arkansas, and Claims Management Inc. ("Claims Management")(collectively "Defendants"), an Arkansas corporation, alleging Negligence (Count I), Res Ipsa Loquitur (Count II), Negligent Spoliation (Count III), Intentional Spoliation (Count IV), and RICO (Count V). Defendants have moved to dismiss Counts III, IV and V of Plaintiff's Second Amended Complaint. For the following reasons, Defendants' Motion to Dismiss is granted in part and denied in part.[1]

## Background

Plaintiff alleges the following facts, which will be accepted as true for the purposes of this motion: On April 17, 2000, at around 2:00 p.m., Plaintiff entered a Wal-Mart store located at 4115 East Lincoln Way in Sterling, Illinois. While in the store, Plaintiff encountered a display rack of inflated plastic balls. These plastic balls appeared to be secured by crossbars approximately five to

---

[1] Pursuant to 28 U.S.C. §636(c) and Federal Rules of Civil Procedure 73, all the parties voluntarily consented to the Magistrate Judge.

six feet long and weighing 20 to 25 pounds. The crossbars appeared to have a space in between them slightly less than the diameter of the plastic balls. As Plaintiff attempted to remove a ball, a crossbar fell from the rack and struck her on the head.

As a result of being hit on the head by the crossbar, Plaintiff alleges she sustained severe and permanent injuries both externally and internally and she will be prevented from attending to her usual duties and affairs. Further, Plaintiff alleges she has suffered great pain and anguish, both in body and mind, and will in the future continue to suffer. Lastly, Plaintiff alleges she will become liable for and will expend large sums of money for medical care and services endeavoring to become cured of her injuries.

Plaintiff originally filed her Complaint in Rock Island County in Rock Island, Illinois. On May 6, 2002, Defendants moved for removal of the case to the Central District of Illinois based on diversity, with the jurisdictional amount in controversy exceeding $50,000. Judge Michael M. Mihm, of the Central District of Illinois, on May 10, 2002, ordered Defendants to amend their removal as the correct jurisdictional amount is $75,000 and not $50,000. Defendants filed their amended notice of removal on May 15, 2002 and the court accepted jurisdiction. Discovery proceeded for some months and a trial date of February 17, 2004 was set. On apparently the eve of trial, Judge Mihm ordered the case transferred to the Northern District of Illinois' Western Division, as the accident at issue occurred in Whiteside County – a county located in the Northern District of Illinois, Western Division.

## Standard of Review

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Midwest Gas Serv. v. Indiana Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing

a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). The moving party bears the burden of showing "beyond doubt that the plaintiff can prove no set of facts in support of his claim" that would entitle him to relief. *Chillmark Partners, LLC, v. MTS, Inc.*, 02 C 5339, 2003 WL 1964408, at *2 (N.D. Ill April 25, 2003)(citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

Federal notice pleading, as opposed to fact pleading, requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). Thus, a plaintiff "must set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." *Menard Inc. v. U.S. Equities Dev., Inc.*, No. 01 C. 7142, 2002 WL 31050160, at *1 (N.D. Ill. Sept. 13, 2002).

### Discussion

This court first addresses Plaintiff's RICO claim in Count V. Plaintiff alleges that Defendants Claims Management and Wal-Mart have, "over a period of the past several years, engaged in an ongoing strategy of destroying physical evidence in litigated cases around the country." (Second Am. Compl. at 10). As such, according to Plaintiff, the "intentional destruction of physical evidence relevant to a litigated matter constitutes obstruction of justice, and is a viable predicate act to a civil racketeering action under 18 U.S.C. ¶ 1962." (*Id.*). As pled, this court

disagrees.

To state a claim under 18 U.S.C. § 1962(c) of the RICO statute, Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 393 (7th Cir. 1995)(quoting *Sedima, S.P.R.L. v. Imrex. Co.*, 473 U.S. 479 (1985)). Additionally, to support a civil RICO claim, Plaintiff must allege an injury to "business or property by reason of" a racketeering violation. 18 U.S.C. § 1964 (c); *see Doe v. Roe*, 958 F.2d 763, 767 (7th Cir. 1992).

In her Second Amended Complaint, Plaintiff alleges that the predicate act of her RICO claim is obstruction of justice. However, the pleading fails to assert whether the alleged obstruction of justice is based on state law under 18 U.S.C. § 1961(1)(A) or federal law under 18 U.S.C. § 1961(1)(B). State offenses enumerated in 1961(1)(A) are generic designations that are definitional only. *See Albarran v. Peoples Gas Light and Coke Co.*, No. 89 C 9138, 1990 WL 141465, at *3 (N.D. Ill. Sept. 21, 1990)(citing *U.S. v. Frumento*, 563 F.2d 1083, 1087 (3d Cir. 1977)). These state offenses include only crimes of murder, kidnaping, gambling, arson, robbery, bribery, extortion, and dealing in narcotics. 18 U.S.C. § 1961(1)(A). Noticeably absent is obstruction of justice.

18 U.S.C. § 1961(1)(B), however, does include federal statutes concerning obstruction of justice. Those sections, as listed in § 1961(1)(B), are 18 U.S.C. § 1503 (relating to obstruction of justice), 18 U.S.C. § 1510 (relating to obstruction of criminal investigations), 18 U.S.C. § 1511 (relating to the obstruction of State or local law enforcement), 18 U.S.C. § 1512 (relating to tampering with a witness, victim, or an informant) and 18 U.S.C. § 1513 (relating to retaliating against a witness, victim, or an informant). Plaintiff's obstruction of justice RICO claim does not fit under any of these sections.

To constitute an offense under Section 1503, the alleged obstructing act must relate to a proceeding pending in the federal courts. *Albarran*, 1990 WL 141465, at *3 (citing *U.S. v. Ryan*, 455 F.2d 728, 733 (9th Cir. 1971); *U.S. v. Baker*, 494 F.2d 1262, 1265 (6th Cir. 1974)). Additionally, Section 1503 does not include any language regarding destroying evidence. Section 1510 relates to obstructing a criminal investigation, of which there is not one pending to this court's knowledge in the instant case. Section 1511 deals with obstructing of state or local law enforcement with the intent to facilitate an illegal gambling business. Obviously such action is not before this court. Sections 1512 and 1513 deal with tampering or retaliating against a witness, victim or informant. Such action is not before this court either. As such, Plaintiff has failed to allege that any of the obstruction of justice statutes provides the basis for predicate acts supporting Plaintiff's RICO claim. Therefore, because Plaintiff has failed to sufficiently plead any predicate acts, Count V is dismissed.

Next, this court addresses Plaintiff's negligent spoliation and intentional spoliation claims in Counts III and IV respectively. In Count III, Plaintiff alleges a surveillance videotape in Wal-Mart captured Plaintiff's injury. (Second Am. Compl. at 5). Plaintiff further alleges that "management, loss prevention and claims personnel of Wal-Mart Stores, Inc. repeatedly viewed the videotape in order to determine whether the tape would help Wal-Mart in its defense of any future legal action." (*Id.*). As such, Plaintiff alleges Wal-Mart "had a duty to maintain and preserve any evidence which it knew or should have known was material to a potential civil action." (*Id.*). For the most part, Plaintiff's allegation in Count IV is the same as Count III except in Count IV Plaintiff further alleges "Wal-Mart Store, Inc.'s actions were deliberate and done for the purpose of thwarting Plaintiff's ability to prove her case." (*Id.* at 8).

The authority in Illinois regarding the pleading of a spoliation count is *Boyd v. Travelers Insurance Company*, 652 N.E.2d 267 (1995). In *Boyd*, while the Illinois Supreme Court refused to recognize an independent cause of action for spoliation, it did find that negligent spoliation could be established under existing negligence laws. 652 N.E.2d at 269-70. As such, in order to properly plead a negligent spoliation claim, Plaintiff must plead (1) the existence of a duty owed by the Defendants to the Plaintiff; (2) a breach of that duty; (3) an injury proximately caused by that breach; and (4) damages. *Boyd*, 652 N.E.2d at 270.

Generally, there is no duty to preserve evidence. However, a duty to preserve evidence may arise through an agreement, a contract, a statute or another special circumstance. *Boyd*, 652 N.E.2d at 271 (citing *Rodgers v. St. Mary's Hospital*, 597 N.E.2d 616 (1992)). If one of these circumstances exists, then a defendant "owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Boyd*, 652 N.E.2d at 271. Additionally, Plaintiff must allege facts sufficient to support a claim that the loss or destruction of the evidence means that the Plaintiff is unable to prove the underlying lawsuit. *Id.*

Plaintiff's Second Amended Complaint fails to get beyond the first element necessary to plead negligent spoliation. Namely, Plaintiff has failed to establish the existence of a duty owed by the Defendants to the Plaintiff. Clearly, there is no agreement, contract or statute that creates a duty for Wal-Mart to preserve the surveillance videotape. Thus, in order for Plaintiff to prevail, she must show "another special circumstance." Plaintiff cannot do so. Unlike the situation in *Boyd*, where defendant took possession of a heater which caused plaintiff's injuries, the surveillance videotape at issue did not cause Plaintiff's alleged injuries. In fact, the mere existence of surveillance

videotape does not place upon Wal-Mart a duty to preserve all taped footage for possible future litigation. Such a duty is unreasonable and impracticable and would require Wal-Mart to preserve hundreds of videotapes for years. Wal-Mart, like most department and retail stores, uses video surveillance tape as a way to surveil the store and prevent losses from theft. As indicated by Wal-Mart in its brief, Wal-Mart "routinely recycled videotapes within 30 days." (Def. Wal-Mart's Reply Br. at 5). Deviation from that practice in this case was not demanded as Wal-Mart had no duty to deviate from its normal course of business with regards to preservation of its surveillance videotapes. Additionally, this court finds that a reasonable person in Defendants' position would not have foreseen that the videotape was material to a potential civil action. *See Boyd.* 652 N.E.2d at 271. Therefore, Count III is dismissed. While this court has dismissed Counts III, this court has not decided the admissibility of the destruction of the surveillance videotape. Specifically, whether the destruction of the videotape would be admissible evidence at trial has yet to be decided.

In addition to discussing negligent spoliation, the *Boyd* court also discussed the possibility of an intentional spoliation of evidence tort. 652 N.E.2d at 273. The *Boyd* court, however, did not definitively find that a cause of action of intentional spoliation of evidence exists under Illinois law. Although the Illinois Supreme Court did not definitively find such a cause of action exists under Illinois law, the Northern District of Illinois has held that the Illinois Supreme Court would probably recognize such a cause of action in the right circumstances. *Williams v. General Motors Corp.*, No. 93 C 6661, 1996 WL 420272 at *3 (N.D. Ill. July 25, 1996)("It would make no sense, after all, for the court to hold a defendant liable for its merely negligent conduct but not for intentional conduct that resulted from the same harm.") Although pre-*Boyd*, the Northern District of Illinois has also previously set forth elements necessary to plead an intentional spoliation cause of action. *See*

*Mohawk Mfg. & Supply Co., v. Lakes Tool Die & Engineering, Inc.*, No. 92 C. 1315, 1994 WL 85979 at *1 (N.D. Ill. March 14, 1994). Those elements are: "(1) existence of a potential civil action, (2) the defendant's knowledge of the potential action, (3) destruction of relevant evidence, (4) intent, (5) a cause connection between the destruction of evidence and the plaintiff's inability to prove the lawsuit, and (6) damages." *Id.* Under federal notice pleading, count IV survives. Unlike negligent spoliation which requires the existence of a duty, the duty requirement is inherent in the intentional spoliation claim. Under notice pleading, Plaintiff need only "set out sufficient factual matter to outline the elements of [her] cause of action or claim, proof of which is essential to [her] recovery." *Menard Inc.*, 2002 WL 31050160, at *1. In her Second Amended Complaint, Plaintiff has plead that a surveillance videotape captured Plaintiff's injury, employees of Wal-Mart viewed the videotape, these employees disposed of the videotape, and they did so deliberately for the purpose of "thwarting" Plaintiff's ability to prove her case. This is enough to overcome a Rule 12(b)(6) motion. Defendants' Motion to Dismiss as to Count IV is denied.

## Conclusion

For the above stated reasons, Defendants' Motion to Dismiss Counts III and V is granted. Defendants' Motion to Dismiss Count IV is denied. Defendants are ordered to answer Count IV within 21 days of this Order.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 6/30/04

8